IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NATIONAL BANK OF TENNESSEE, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| FREDERICK L. McDONALD, II, ) | |
| ) | No. 2:03-CV-401 |
| Defendant/Counter Plaintiff/ ) | |
| Third Party Plaintiff/ ) | |
| Counter Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| SCOTT WADE APPLEGATE, ) | |
| ) | |
| Third Party Defendant/ ) | |
| Counter Plaintiff. ) | |

## **MEMORANDUM OPINION**

This diversity action is now before the court on the motion to dismiss filed by defendant Frederick L. McDonald, II ("McDonald") [doc. 38] and the motion for summary judgment filed by plaintiff National Bank of Tennessee ("NBT") [doc. 39]. For the reasons that follow, each motion will be denied.

I.

*Background*

At its core, this is a suit to recover an unpaid loan balance from a guarantor. At present, however, the court does not have before it a copy of the promissory note at issue,

nor does it have before it an authenticated copy of the guaranty admittedly signed by McDonald.[1]

According to the complaint, NBT's principal place of business is in Tennessee. McDonald is a resident of Michigan. According to the complaint, the borrower on the note was Southeast Machining, LLC, which had a Greeneville, Tennessee address.

McDonald agrees that NBT required his guaranty in order to release an original guarantor. According to McDonald's counterclaim and own deposition testimony, the substitute guaranty was part of a broader scheme between McDonald (who is black) and third party defendant Scott Wade Applegate ("Applegate") (who is white) to take advantage of government minority contract opportunities "with all the appurtenant benefits thereof[.]"[2]

McDonald signed the guaranty in Michigan. The guaranty provides in material part that "If there is a lawsuit, Guarantor agrees upon Lender's request to submit to the jurisdiction of the courts of COCKE County, State of Tennessee."

---

[1] According to NBT [doc.39, ex. A], a copy of the note is attached to the complaint as exhibit A, and a copy of the guaranty is attached to the complaint as exhibit B. In fact, however, the complaint has only one exhibit, which is a copy of the guaranty attached as exhibit A. It does not appear that the court has received an authenticated copy of the guaranty - or *any* copy of the note - as an exhibit to any filing. The effect of this omission will be discussed in part III of the court's opinion.

[2] McDonald has filed a $150,000.00 fraud counterclaim against NBT, arguing that the bank misrepresented or failed to disclose the allegedly poor financial conditions of Applegate and Southeast Machining.

2

II.

*McDonald's Motion to Dismiss*

McDonald seeks dismissal or, alternatively, transfer to a Michigan district court, arguing that this court: (a) lacks personal jurisdiction over him; and (b) is the incorrect venue. McDonald's arguments will be addressed and rejected in turn.

The general venue statute, 28 U.S.C. § 1391(a), provides in part that a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" This case arises from McDonald's guaranty of a Greene County, Tennessee debt with a Cocke County, Tennessee bank. Both of those counties are within this judicial district. NBT therefore properly filed suit in this district under § 1391(a), and McDonald's venue argument is without merit.

Also without merit is McDonald's contention that the guaranty, through its reference to "the jurisdiction of the courts of COCKE County, State of Tennessee[,]" binds the parties to Tennessee *state* court litigation. First, the northeastern division of this district, where the complaint was filed, *is* a court serving Cocke County, Tennessee. Further, even adopting McDonald's position that the guaranty refers only to state court, McDonald agreed only to litigate in such court *if NBT so requests*. The cited provision is in no way mandatory or binding on NBT.[3]

---

[3] Although, as noted, a properly authenticated copy of the guaranty has not been submitted, the court has considered the guaranty *for purposes of addressing McDonald's venue and jurisdiction arguments only*, because McDonald has himself submitted a copy of the guaranty which he

(continued...)

3

Lastly, the court finds that it has personal jurisdiction over McDonald. In a diversity case, a federal court "may assume jurisdiction over a nonresident defendant only to the extent permitted by the state's long-arm statute and by the Due Process Clause." *Neal v. Janssen,* 270 F.3d 328, 331 (6th Cir. 2001). Because the Tennessee long-arm statute extends to the constitutional limits of due process, *Payne v. Motorists' Mutual Insurance Cos.,* 4 F.3d 452, 455 (6th Cir. 1993), these two inquiries are merged into the single determination of whether the assertion of personal jurisdiction in this district violates due process. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996) (citing *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).

Personal jurisdiction is characterized as either "general" or "specific." *Nationwide*, 91 F.3d at 793-94. An assertion of general jurisdiction requires a showing of "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). NBT does not argue that general jurisdiction exists in Tennessee as to McDonald.

Conversely, specific jurisdiction lies where the cause of action "aris[es] out of or relate[s] to the defendant's contacts with the forum" state. *Helicopteros*, 466 U.S. at 414, n.8. The critical inquiry in this context is whether the nonresident defendant has sufficient

---

[3](...continued)
acknowledges having executed. *See Guzman v. Denny's, Inc.*, 40 F. Supp. 2d 930, 935 n.3 (S.D. Ohio 1999) ("Because Plaintiff has implicitly consented to admissibility of this evidence, the Court will consider it.")..

4

contacts with Tennessee so that the exercise of jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The defendant must have engaged in conduct such that he could "reasonably anticipate being haled into court" in this state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). "[E]ven a single act by defendant directed toward Tennessee that gives rise to a cause of action can support a finding of minimum contacts sufficient to exercise personal jurisdiction without offending due process." *Neal,* 270 F.3d at 331.

The Sixth Circuit has set out a three-part test to determine whether the assertion of specific jurisdiction is appropriate.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co., Inc. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). When the first two elements of this test have been met, a presumption arises that the third is also present, and "only the unusual case will not meet this third criterion." *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982).

The court finds that McDonald purposefully availed himself of the privilege of acting in - and causing a consequence in - the state of Tennessee. In furtherance of his connivance with Applegate to take advantage of government minority contract benefits,

5

McDonald committed to, if necessary, repay the debt of a Tennessee company (Southeast Machining, LLC) owed to a Tennessee bank.[4] By McDonald's own admission, the guaranty was intended to be "the precursor to [him] becoming the owner of Southeast Machining[.]" [Doc. 41, ex. A, p. 27].

By this act, McDonald "manifestly has availed himself of the privilege of conducting business [in Tennessee], and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). That McDonald did not physically execute the guaranty within Tennessee does not defeat jurisdiction. *See id.*; *Masada Inv. Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985); *see also Anderson v. Nelson*, 1993 WL 137578 (Tenn. Ct. App. May 3, 1993) (finding specific personal jurisdiction over nonresident guarantors who executed guaranty out of state); *Bank One Columbus, NA v. Piedmont Rests., Inc.*, No. C.A. 1337, 1990 WL 198219 (Tenn. Ct. App. Dec. 11, 1990) (same).

*Mohasco*'s "arising from" prong is also satisfied in the present case. NBT's cause of action directly arises from McDonald's guaranty of the Tennessee debt.

Lastly, the court finds that McDonald's connections with Tennessee are substantial enough to make the exercise of jurisdiction reasonable. As noted, when the first

---

[4] To the extent that McDonald alleges that the guaranty was not his idea, "it is worthwhile to point out that the question of which party solicited the business interface is irrelevant, so long as defendant then directed its activities to the forum resident." *Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 910 (6th Cir. 1988).

6

two elements of the specific jurisdiction test have been met, a presumption arises that the third is also satisfied. *J.W. Brewer*, 680 F.2d at 1126. The decision ultimately depends on whether Tennessee has an interest in resolving the matter at issue. *Mohasco*, 401 F.2d at 384. Resolution of the reasonableness prong "involves merely ferreting out the unusual cases where that interest cannot be found." *Id*.

Factors to be considered include the burden on the defendant, Tennessee's interest in adjudicating the dispute, plaintiff's interest in pursuing effective and convenient relief, and the "efficient resolution of controversies." *World-Wide Volkswagen*, 444 U.S. at 292. In the present case, McDonald's burden of litigating in this state is outweighed by Tennessee's interest in this cause of action, *see Mohasco*, 401 F.2d at 384-85; *Southern Systems, Inc. v. Torrid Oven Ltd.*, 58 F. Supp. 2d 843, 851 (W.D. Tenn. 1999), and by NBT's interest in pursuing relief in its home forum. The court accordingly finds specific personal jurisdiction over McDonald.[5]

### III.

*NBT's Summary Judgment Motion*

NBT moves for summary judgment both on its debt collection complaint and on McDonald's counterclaim. When ruling on a motion for summary judgment, a court may consider "pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[5] In addition, Tennessee's long-arm statute specifically authorizes personal jurisdiction over a nonresident on a claim arising from "Entering into any . . . guaranty covering any person, property, or risk located within this state at the time of contracting[.]" Tenn. Code Ann. § 20-2-214(a)(4).

7

with the affidavits[.]" Fed. R. Civ. P. 56(c). "Other exhibits may be admitted into evidence and considered if the exhibits are properly authenticated and attached to an affidavit." *Guzman v. Denny's, Inc.*, 40 F. Supp. 2d 930, 935 n.3 (S.D. Ohio 1999). "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Fed. R. Civ. P. 56(e). "Documents which do not meet those requirements cannot be considered." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000).

NBT asks for summary judgment on the debt but has not submitted a properly authenticated copy of either the note or the guaranty. Further, the court's review of the parties' summary judgment briefing indicates that a provision of the guaranty is also relevant to disposition of the summary judgment motion as it pertains to the counterclaim.

Because the court does not have before it necessary evidence in admissible form, NBT's application for summary judgment will be denied in its entirety with leave to renew. An order consistent with this opinion will be entered.

                                        ENTER:


                                            s/ Leon Jordan    
                                        United States District Judge