IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NATIONAL BANK OF TENNESSEE, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| FREDERICK L. McDONALD, II, ) | |
| ) | No. 2:03-CV-401 |
| Defendant/Counter Plaintiff/ ) | |
| Third Party Plaintiff/ ) | |
| Counter Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| SCOTT WADE APPLEGATE, ) | |
| ) | |
| Third Party Defendant/ ) | |
| Counter Plaintiff. ) | |

**MEMORANDUM AND ORDER**

By memorandum and order [docs. 67, 68] dated October 31, 2006, the court granted summary judgment in favor of plaintiff National Bank of Tennessee ("NBT") against defendant Frederick L. McDonald, II. Therein, noting plaintiff's request for attorney fees, the court directed plaintiff to file proper documentation no later than November 27, 2006. [Doc. 68].

In response, plaintiff filed its motion for attorney fees [doc. 71] supported only by the cursory affidavit of counsel. Finding the affidavit to be insufficient documentation

of the rate and hours billed, and concerned that the amount sought might also include plaintiff's litigation expenses against counter plaintiff Scott Wade Applegate, the court ordered plaintiff to resubmit proper documentation. [Doc. 72].

Now before the court is plaintiff's amended motion for attorney fees. [Doc. 74]. Like its predecessor, the amended motion is supported only by a cursory affidavit rather than by a detailed billing statement. Further, while the affidavit states in part that the sought-after fee pertains only to "services in this matter" and "does not include legal fees relating to lawsuits *filed against* Scot [sic] Wade Applegate" (court's emphasis added), it remains unclear to the undersigned whether the requested amount correctly pertains only to NBT's litigation in this court against McDonald, or whether the amount also inappropriately relates to NBT's litigation *in this court* against Applegate.

A party seeking attorney fees "has the burden of providing for the court's perusal a particularized billing record." *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). "[T]he attorney seeking compensation retains the burden of documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim." *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

2

The superficial affidavits submitted by NBT fall far short of its required burden of proof. Both motions for attorney fees [docs. 71, 74] are accordingly **DENIED WITH LEAVE TO RENEW**.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge