IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NATIONAL BANK OF TENNESSEE, | ) |
| Plaintiff/Counter Defendant, | ) |
| v. | ) |
| FREDERICK L. McDONALD, II, | ) No. 2:03-CV-401 |
| Defendant/Counter Plaintiff/<br>Third Party Plaintiff/<br>Counter Defendant, | ) |
| v. | ) |
| SCOTT WADE APPLEGATE, | ) |
| Third Party Defendant/<br>Counter Plaintiff. | ) |

## **MEMORANDUM AND ORDER**

This civil action is before the court on plaintiff's third motion for attorney fees [doc. 76] in the amount of $10,650.25. Defendant Frederick L. McDonald, II has not responded in opposition to the motion, which is now ripe for the court's review. For the reasons that follow, plaintiff's motion will be granted in full.

I.

*Background*

By memorandum and order [docs. 67, 68] dated October 31, 2006, the court granted summary judgment in favor of plaintiff National Bank of Tennessee ("NBT") on its guaranty claim against defendant McDonald. Therein, noting plaintiff's request for contractual attorney fees, the court directed plaintiff to file proper documentation no later than November 27, 2006. [Doc. 68].

In response, plaintiff filed its motion for attorney fees [doc. 71] supported only by the affidavit of counsel. Finding the affidavit to be insufficient documentation of the rate and hours billed, and concerned that the amount sought might also include NBT's litigation expenses against counter plaintiff Scott Wade Applegate, the court ordered plaintiff to resubmit proper documentation. [Doc. 72].

Plaintiff then filed an amended motion for attorney fees. [Doc. 74]. Like its predecessor, the amended motion was supported only by a cursory affidavit rather than by a detailed billing statement. Further, it remained unclear to the court whether the requested amount correctly pertained only to NBT's litigation in this court against McDonald. Both motions for attorney fees [docs. 71, 74] were accordingly denied with leave to renew [doc. 75]. On February 9, 2007, NBT filed the present motion, which is supported by a more informative affidavit and by a comprehensive billing statement.

II.

*Analysis*

The commercial guaranty signed by McDonald provides in material part that NBT may recover its "attorneys' fees . . . incurred in connection with the enforcement of this Guaranty." Attorney fees may be recovered where provided for by an enforceable contract. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967).

The court has reviewed plaintiff's motion, including its attached affidavit and exhibits, for reasonableness. The court has considered: the time expended by the attorneys; time limitations imposed by the circumstances; the novelty and difficulty of the questions involved; the skill required to perform the legal services properly; the amount involved and the results obtained; and the attorneys' experience, reputation, and ability. *See United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133, 136 (Tenn. 1986) (citation omitted).

Although at its core this is substantially a straightforward debt collection suit, the court notes that McDonald vigorously fought NBT throughout this litigation, at times pursuing somewhat unconventional and/or dubious legal theories. The court also notes the size of the judgment obtained by counsel, which approaches $700,000.00 exclusive of attorney fees. The court observes with approval that counsel has *not* billed for the time spent correcting its first two fee motions. Lastly, the attorneys' hourly rate is wholly reasonable in this community in light of their experience, reputation, and ability.

For these reasons, the court finds the sought-after legal fees of $10,650.25 to be reasonable.  NBT's unopposed motion for attorney fees [doc. 76] is **GRANTED**.  A separate judgment order will be entered.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge